UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN EDWARD WUNDERLICH,

    Petitioner,                                      Case No. 14-cv-14626
                                                   HON. GERSHWIN A. DRAIN

v.

CITY OF FLUSHING,

    Respondent.
_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS [#1]**

## I. INTRODUCTION

Petitioner Alan Edward Wunderlich brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner was convicted of operating a vehicle while intoxicated in violation of MICH. COMP. LAWS § 257.625 and refusal to submit to a breathalyzer test in violation of MICH. COMP. LAWS § 257.625d. As a result, Petitioner alleges his driver's license was automatically suspended for one year and he was also ordered to abstain from the consumption of alcohol.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES (applicable to § 2241 petitions under Rule 1(b)); *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; see *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the Petition must be dismissed for lack of subject matter jurisdiction because Petitioner is not "in custody."

## II. DISCUSSION

### 1. Petitioner is not entitled to a writ of habeas corpus.

As an initial matter, the Court must decide whether Petitioner is entitled to a writ of habeas corpus. A petition for habeas corpus is a challenge to the fact or duration of confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) ("the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody"). In order for the Court to have subject matter jurisdiction over this matter, Petitioner must have been "in custody" at the time he filed his Petition. *See* 28 U.S.C. §§ 2241(c)(3), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

To invoke a federal district court's jurisdiction to review a petition for a writ of habeas corpus, a petitioner must be "a person in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see*

*also* Rule 1 of the Rules Governing Habeas Corpus Cases Under Section 2254; *Maleng v. Cook*, 490 U.S. 488, 490 (1989) ("The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are *in custody* in violation of the Constitution or laws or treaties of the United States.") (internal quotations omitted).

Historically, the federal courts required the petitioner to be presently confined at the time the habeas corpus petition was adjudicated to be considered "in custody" for purposes of federal habeas corpus review. *See Parker v. Ellis*, 362 U.S. 574 (1960) (Supreme Court dismissed petition for lack of jurisdiction because the matter became moot once the petitioner completed his sentence and was released from prison). The definition of "in custody" has since expanded; now it is not a requirement that the petitioner be physically incarcerated at the time his petition is adjudicated, or even at the time he files his petition. For instance, a district court may not dismiss a petition for a writ of habeas corpus as moot based on the fact that a petitioner is on parole. *Jones v. Cunningham*, 371 U.S. 236, 243 (1963). In *Jones*, the Supreme Court held that the:

> [R]estraints [imposed while on parole] are enough to invoke the Great Writ. Of course, that writ always could and still can reach behind prison walls and iron bars. But it can do more. It is not now and never has been a static, narrow, formalistic remedy; its scope has grown to achieve its grand purpose -- the protection of individuals against erosion of their right to be free from wrongful restraints upon their liberty. While petitioner's parole released him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom; this is enough to keep him in the 'custody' ... within the meaning of the habeas corpus statute[.]

*Id.* Similarly, a petitioner who is not currently incarcerated, but serving a term of probation at the time of filing a petition for the writ of habeas corpus meets the "in custody" requirement. *See McVeigh v. Smith*, 872 F. 2d 725, 727 (6th Cir. 1989); *Lawrence v. 48th Dist. Ct.*, 560 F. 3d

475, 480-81(6th Cir. 2009) ("Probation's restraints on liberty suffice to satisfy the 'in custody' requirement.") A petitioner who has been released on personal recognizance at the time of filing a habeas corpus petition is considered to be 'in custody' within the meaning of § 2254. *See McVeigh*, 872 F. 2d at 727 (at the time of filing for habeas corpus relief, petitioner's one year probationary period was stayed, and she was granted a recognizance bond).

The theory behind the modern view of the "in custody" requirement is that individuals who are on parole, probation, or out on bail are "subject to restraints not shared by the public generally." *Hensley v. Municipal Court, San Jose-Milpitas Judicial Dist*. 411 U.S. 345, 351 (1973). In concluding that the restraints imposed upon a petitioner released on his own recognizance satisfy the 'in custody' requirement of the federal habeas corpus statute, the *Hensley* court explained:

> First, he is subject to restraints not shared by the public generally, that is, the obligation to appear at all times and places as ordered by any court or magistrate of competent jurisdiction. He cannot come and go as he pleases. His freedom of movement rests in the hands of judicial officers, who may demand his presence at any time without a moment's notice. Disobedience is itself a criminal offense.

*Id.* (internal quotations and citations omitted). In so concluding, the *Hensley* court relied on the principle that "habeas corpus is an extraordinary remedy[,] . . . its use has been limited to cases of special urgency." *Id.* The *Hensley* court concluded that while the petitioner's one year jail sentence had been stayed, and he had been released on his own recognizance, these facts nonetheless fell within the custody requirement because of the certainty of his incarceration. *Id.* at 351-53. The *Hensley* court held that "[h]is incarceration is not, in other words, a speculative possibility that depends on a number of contingencies over which he has no control." *Id.* at 352. Therefore, a petition for a writ of habeas corpus remains justiciable if, at the time, the petition is

filed, the petitioner is subject to some type of restraint. *Jones*, 371 U.S. at 243; *Carafas v. LaVallee, 391 U.S. 234, 238 (1963)*.

Here, Petitioner is not incarcerated. Rather, he challenges the loss of his driving privileges and a court order to abstain from alcohol. These consequences are not significant restraints on Petitioner's liberty and do not satisfy the in-custody requirement of § 2254. *Lillios v. State of N.H.*, 788 F.2d 60, 61 (1st Cir. 1986) (suspension or revocation of driver's license does not satisfy the in-custody requirement), *Harts v. State of Ind.*, 732 F.2d 95, 96-97 (7th Cir. 1984); *Westberry v. Keith*, 434 F.2d 623, 624-25 (5th Cir. 1970) (revocation of driver's license upon conviction for traffic violation is not "in custody" within the meaning of § 2254); *Kohn v. Michigan State Police*, No. 01-71923-DT, 2001 U.S. Dist. LEXIS 11841, *6 (E.D. Mich. Jun. 6, 2001) ("Numerous courts have held that the imposition of traffic tickets or fines or even the suspension of driving privileges is not a severe enough restraint on a petitioner's liberty to satisfy the 'in custody' requirement of the habeas corpus statute."); *Whorley v. Brilhart*, 359 F.Supp. 539 (E.D. Va. 1973) (suspended license does not constitute custody within the meaning of § 2254). Because Petitioner is not in custody under § 2254, the Court lacks subject matter jurisdiction over his action.

### 2. Petitioner is not entitled to a certificate of appealability.

As a second and final matter, under Section 2253(c)(2) of the United States Code, the Court must determine whether a certificate of appealability should be granted. A certificate should issue if the petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face,

lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, which would indicate to the Sixth Circuit Court of Appeals that this issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (finding that it is somewhat anomalous for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

This Court denied Petitioner's application on the procedural ground that it lacked subject-matter jurisdiction. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Both showings must be made to warrant the grant of a certificate. *Id*. The Court finds that reasonable jurists could not debate that this court correctly dismissed Petitioner's claims for lack of subject-matter jurisdiction. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies

Petitioner a certificate of appealability. The Court will also deny permission to appeal in forma pauperis because any appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(4).

### III. CONCLUSION

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is SUMMARILY DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner will be DENIED leave to appeal *in forma pauperis*.

SO ORDERED.


Dated: December 31, 2014　　　　　　　　s/Gershwin A. Drain
　　　　　Detroit, Michigan　　　　　　　　GERSHWIN A. DRAIN
　　　　　　　　　　　　　　　　　　　　　United States District Judge

8

**CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 31, 2014.

                                            s /Tanya R. Bankston
                                            TANYA R.BANKSTON
                                            Case Manager & Deputy Clerk